UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN HENDRIX,

       Plaintiff,                                    Case No.  1:13-CV-389

v.                                                  HON. ROBERT J. JONKER

UNKNOWN STREIT, *et al.*,

       Defendants,
_____/

**ORDER**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 24) filed on June 30, 2014.  Petitioner filed his objections to the Report and Recommendation (docket # 25) on July 11, 2014.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified. 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

## I. Hendrix's Objections

The Report and Recommendation carefully examines each of three separate claims Plaintiff makes against the known defendants, and does so in the light most favorable to the plaintiff's view of the facts. But even in that light, plaintiff was in a physical fight with another inmate and defendants simply applied the limited force necessary to stop the fighting and separate the combatants. The Eighth Amendment does not give the Court license to second guess corrections officers in a setting like that on this record. The Court agrees with the Magistrate Judge's analysis of summary judgement and the Eighth Amendment, as well as his recommendations in this case.

## II. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Hendrix's claims under the *Slack* standard. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Hendrix's claims was debatable or wrong. Thus, the Court will deny Hendrix a certificate of appealability.

**ACCORDINGLY, IT IS ORDERED** that Hendrix's objections (doc. #25) are overruled.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (doc. #24) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that defendants' Streit, Moore, and Shepherd's motion for summary judgment (doc. #15) is **GRANTED**.

A separate judgment will issue.

**IT IS SO ORDERED**.


Dated:      August 14, 2014             /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE